UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Criminal Action No. |
| v. ) | 11-40025-2-FDS |
| ) | |
| LUIS CRUZ, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM AND ORDER ON
MOTION FOR REDUCTION OF SENTENCE

**SAYLOR, J.**

Defendant Luis Cruz pleaded guilty in November 2012 to drug and conspiracy charges and was sentenced to a term of 96 months imprisonment. Cruz now seeks a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) in light of Amendment 782 to the United States Sentencing Guidelines. For the reasons stated below, Cruz's motion for a sentence reduction will be denied.

**I.      Background**

On November 30, 2012, Cruz pleaded guilty to a five-count indictment charging him with conspiracy to distribute heroin in violation of 21 U.S.C. § 846 and possession with intent to distribute heroin in violation of 21 U.S.C. § 841. Cruz's plea was entered pursuant to a written plea agreement under Fed. R. Crim. P. 11(c)(1)(C).[1]

In that agreement, Cruz and the government jointly agreed that Cruz's base offense level

---

[1] A plea agreement made under Fed. R. Crim. P. 11(c)(1)(C)—commonly referred to as a "C-type" plea agreement—binds the district court to the parties' agreed-upon sentence if the court accepts the plea.

was 26, subject to a three-level reduction for acceptance of responsibility.  (Plea Agreement ¶ 4).  The government agreed not to file an information under 21 U.S.C. § 851, which would have subjected Cruz to a mandatory minimum sentence of 120 months.  (*Id.* ¶ 1).  In return, Cruz agreed to a sentence of incarceration for 96 months, 48 months of supervised release, and a mandatory special assessment of $500.  (*Id.* ¶ 5).

On March 6, 2013, this Court accepted the plea agreement and imposed the agreed-upon sentence of 96 months' imprisonment.  (Sentencing Tr. 3).

On November 4, 2014, Cruz filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 of the U.S. Sentencing Guidelines.[2]

## II.   Analysis

A defendant who has been sentenced pursuant to a binding plea agreement under Fed. R. Crim. P. 11(c)(1)(C) is eligible for a sentence reduction when "the agreement itself expressly indicates that the term of imprisonment is based on a guideline sentencing range that has subsequently been reduced by the Sentencing Commission."  *United States v. Rivera-Martinez*, 665 F.3d 344, 348 (1st Cir. 2011) (citing *Freeman v. U.S.*, 131 S. Ct. 2685, 2695 (2011) (Sotomayor, J., concurring)).  When determining whether an agreed sentence is "based on" a guideline sentencing range, "it is the terms contained within the four corners of the plea agreement that matter."  *Rivera-Martinez*, 665 F.3d at 349 (citing *Freeman*, 131 S. Ct. at 2697-98).  In *Rivera-Martinez*, the First Circuit found that where the plea agreement at issue did not calculate a guideline range and did not include any information about the defendant's criminal history, it was "impossible to conclude" that the sentence agreed to in the plea was based on a

---

[2] Amendment 782 retroactively adjusted the guideline base offense level for different quantities of drugs; under the amendment, Cruz's base offense level would have been 24 instead of 26.  *See* U.S. Sentencing Manual § 2D1.1(c)(8); *United States v. Alejandro-Montanez*, 778 F.3d 352, 362 (1st Cir. 2015).

guideline sentencing range.

A review of the plea agreement in Cruz's case indicates that it is little different from the one at issue in *Rivera-Martinez*. Like that agreement, Cruz's plea agreement does not contain any information as to Cruz's criminal history, nor does it attempt to calculate a guideline sentencing range for his offenses. In particular, without including a criminal history category, Cruz's plea agreement is devoid of an "essential coordinate" necessary to conclude that the agreed sentence was "based on" a guideline range. *Rivera-Martinez*, 665 F.3d at 349.

Thus, because Cruz's plea agreement did not "expressly use[] a [g]uidelines sentencing range . . . to establish the term of imprisonment," Cruz is not eligible for a sentence reduction under 21 U.S.C. § 3582(c)(2).

### III.   Conclusion

For the foregoing reasons, defendant's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) is DENIED.

**So Ordered.**

                                                      /s/ F. Dennis Saylor
                                                      F. Dennis Saylor IV
Dated: January 27, 2016                     United States District Judge